IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Lancelot Ward,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv294 (JCC/TCB) |
| | ) | |
| **Patricia Stansberry,** | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Lancelot Ward, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. By Order dated April 7, 2008, respondent was directed to show cause within sixty days why the petition should not be granted. On June 6, 2008, respondent filed a response, and on July 1, 2008, the Clerk reveived petitioner's reply. For the reasons that follow, petitioner's request for habeas corpus relief will be denied and this petition will be dismissed for lack of jurisdiction.

**I. Background**

On October 4, 1996, a jury in the United States District Court for the District of Maryland found petitioner and two other persons guilty of conspiracy to distribute and to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. United States v. Ward, 171 F.3d 188, 190 (4th Cir. 1999). The district court initially declined to find that petitioner was a career offender pursuant to § § 4B 1.1-1.2 of the United States Sentencing Guidelines ("career offender sentencing guidelines") as a result of his earlier guilty plea in the Circuit Court for the County of Arlington, Virginia to conspiracy to commit robbery and sentenced petitioner to a 137-month term of imprisonment. Id. at 191. In its timely motion pursuant to Fed.

R. Crim. P. 35(c), the United States argued that the district court's determination was wrong as a matter of law and sought to have the sentence corrected. Id. After consideration of the United States' motion, the district court indicated that it had not been aware at the time of sentencing of the decision of the United States Court of Appeals for the Fourth Circuit in United States v. Cook, 26 F.3d 507 (4th Cir.), cert. denied, 513 U.S. 953 (1994), in which that court held that, under narrow circumstances, a sentencing court may look beyond the elements of a predicate offense to charging papers and jury instructions to determine whether an offense is a "violent felony." Id. (citing 26 F.3d at 508-09). On March 9, 1997, the district court found that petitioner's Arlington County conviction for conspiracy to commit robbery was a "crime of violence." Id. Coupling this conviction with petitioner's 1982 conviction for armed bank robbery, the district court applied the career offender sentencing guidelines and re-sentenced petitioner to a 262-month term of imprisonment. Id. Petitioner appealed, and the Fourth Circuit affirmed petitioner's conviction and sentence on March 22, 1999. Id. at 195. Specifically, the Court held that petitioner's conspiracy and armed bank robbery convictions provided the district court with a proper basis upon which to sentence petitioner as a career offender. Id. at 193. Petitioner sought a writ of certiorari, and on October 4, 1999, the Supreme Court denied petitioner's request. Ward v. United States, 528 U.S. 855 (1999).

In October of 2000, in the United States District Court for the District of Maryland, petitioner filed a motion pursuant to 28 U.S.C. § 2225 ("the § 2225 motion") to vacate and set aside his conviction and sentence, challenging the district court's application of the career offender guidelines. The district court denied the motion on January 28, 2003. United States v. Ward, (D. Md. Jan. 28,

2003).[1] Petitioner then moved the district court to alter or amend its judgment, pursuant to Fed. R. Civ. P. 59(e). Subsequently, petitioner moved the district court to allow him to amend his Rule 59(e) motions to advance arguments based on the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 15 (2005). In Shepard, the Supreme Court held that a district court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented" in determining whether a prior conviction qualifies for purposes of sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). 544 U.S. at 15. The district court held that petitioner's motions were an attempt to file a successive § 2255 motion and dismissed both for lack of jurisdiction on July 5, 2006. Petitioner appealed, and on April 3, 2007, the Fourth Circuit denied petitioner's request for a certificate of appealability and denied authorization to file a successive § 2255 motion. United States v. Ward, 223 Fed.Appx. 211 (4th Cir. Apr. 3, 2007) (unpublished).

Petitioner filed the instant § 2241 petition on March 20, 2008. He raises two similar claims for the relief, which he articulates as follows:

> 1) Due to intervening controlling substantive Supreme Court caselaw [sic] [i.e., the Supreme Court's decision in Shepard], my sentence was illegally enhanced; I am actually innocent of the Car[]eer Offender Guideline and cannot raise this issue in a 2255.
>
> 2) Under intervening Supreme Court law, my "related offense" claim pursuant to Section 4A1.2 of the U.S.S.G. was illegally determined; I am actually innocent of the career offender guideline and cannot raise this issue in a 2255.

Pet. at 7. In its response to the petition, the United States contends that petitioner's challenge to his

---

[1] On May 19, 2003, the district court vacated and set aside its January 28 order denying the § 2225 motion and then re-entered the denial order as of that date. Then, on June 17, 2003, the district court vacated and set aside the May 19 Order and re-entered it as of that date.

sentence should be brought in a § 2255 petition and that petitioner cannot avail himself of the so-called "savings clause" that would allow him to bring the instant claims in a petition brought pursuant to 28 U.S.C. § 2241. Alternatively, the United States argues that Shepard is not retroactive on collateral review and that petitioner's Shepard arguments lack merit. Petitioner has filed his reply in opposition. This matter is ripe for disposition.

## II. Jurisdiction

The question of whether the Court has jurisdiction over petitioner's claims in this case begins with the oft-cited and unremarkable premise that a federal inmate wishing to challenge the validity of his conviction and sentence must ordinarily proceed by filing a motion in the court of conviction under 28 U.S.C. § 2255. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2255(a) & (c) provide, in relevant part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence ....
>
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(a) & (c). Based on this language, courts have held that a motion under § 2255 is a federal prisoner's exclusive remedy for collaterally attacking the imposition of his sentence, unless the remedy is "ineffective or inadequate" to test the legality of such sentence. See Swain v. Pressley, 430 U.S. 372, 377-78 (1977); Whiting v. Hunter, 204 F.2d 471, 472 (10th Cir. 1953) ("the remedy

afforded by section 2255 is exclusive unless for some reason the remedy by motion is inadequate to test the legality of the prisoner's detention ...."). In such a situation, a prisoner may obtain relief by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Vial, 115 F.3d at 1194. In the instant § 2241 petition, petitioner raises arguments attacking the validity of his sentence. Specifically, he challenges the district court's decision to apply the career offender guidelines to enhance his sentence, arguing that Shepard renders a nullity the district court's decision. Petitioner admits, however, that he raised a challenge to the district court's decision to apply the guidelines in his first § 2255 motion and that he attempted to raise a challenge based on Shepard, similar to the challenges he raises in the instant petition, when he sought reconsideration of the district court's denial of the § 2255 motion. Pet. Mem. at 4. Accordingly, because the instant claims challenge the legality of the petitioner's sentence, they are not properly before this Court in this § 2241 petition unless the so-called savings clause of § 2255 applies. See e.g., White v. Rivera, 518 F.Supp.2d 752, 754 (D.S.C. 2007) (the savings clause of § 2255 "permits a district court to consider a § 2241 petition challenging the validity of the petitioner's detention when § 2255 is inadequate or ineffective to test the legality of ... detention") (internal citations and quotations omitted).

The Fourth Circuit has held that, to avail himself of § 2255's savings clause and to raise challenges to the validity of his detention by means of a § 2241 petition for a writ of habeas corpus, petitioner must meet the standard announced in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In that case, the Court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the

5

gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. The Fourth Circuit has strictly interpreted this rule and has consistently held that when a petitioner fails to meet <u>each</u> element of the three-part test application of the savings clause, § 2255 is neither inadequate nor ineffective, and that he may thus not proceed under § 2241. See, e.g., <u>United States v. Coor</u>, 226 Fed.Appx. 267 (4th Cir. 2007) (unpublished); <u>James v. Hickey</u>, 216 Fed.Appx. 324 (4th Cir. 2007); <u>Kimble v. Lamanna</u>, 182 Fed.Appx. 190 (4th Cir. 2006) (unpublished); <u>Hanley v. Williamson</u>, 82 Fed.Appx. 844 (4th Cir. 2003) (unpublished). It is petitioner's burden to show the inadequacy or ineffectiveness of § 2255, <u>McGhee v. Hanberry</u>, 604 F.2d 9 (5th Cir. 1979), and a petitioner's past inability to obtain relief under that provision or that he is procedurally barred from filing a § 2255 motion does not render the § 2255 remedy inadequate or ineffective. <u>Vial</u>, 115 F.3d at 1194 n. 5.

Petitioner asserts that <u>Shepard</u> "changed the law in regards to [sic] petitioner's case" such that § 2255 is inadequate or ineffective to test the legality of his detention. But the Fourth Circuit has already rejected a federal prisoner's post-appeal, post-§ 2255 effort to raise a <u>Shepard</u>-based claim like the ones petitioner raises here. In <u>Summey v. Haynes</u>, No. 3:05cv109, 2007 WL 2005547, at * 4 (N.D.W.Va. July 10, 2007), Summey argued in a § 2241 petition, as the instant petitioner does in this case, that he had been sentenced as a career offender in violation of <u>Shepard</u>. Summey had previously raised a challenge to his conviction in a § 2255 motion before the Supreme Court issued its decision in <u>Shepard</u>. He sought to avoid § 2255(c)'s preclusive effect by invoking the savings clause. The United States District Court for the Northern District of West Virginia dismissed Summey's § 2241 petition, however, holding that he did not meet the <u>Jones</u> standard for application

6

of the savings clause. Id. * 6. The Fourth Circuit affirmed. Summey v. Haynes, No. 07-6953, 2008 WL 1943988 (4th Cir. May 5, 2008).

Likewise, in the instant case, petitioner does not meet all three of the Jones requirements. Shepard did not alter the Fourth Circuit's career offender jurisprudence, see United States v. Thompson, 421 F.3d 278, 282 n.3 (4th Cir. 2007); United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006), nor did it render the substantive law under which petitioner was convicted such that his participation in a conspiracy to distribute and to posses with an intent to distribute heroin and cocaine became "non-criminal" in nature. Moreover, Shepard does not somehow render the convictions upon which petitioner's career offender determination was premised - the Arlington County conspiracy count and the 1982 armed bank robbery conviction - "non-criminal."

Petitioner admits that he unsuccessfully attempted to pursue a Shepard-based challenge to the application of the career offender guidelines in this case in his motions following the district court's denial of his § 2255 motion. But petitioner's lack of success on that front does not render the remedy of § 2255 inadequate or ineffective. The remedy under section 2241 is not an "additional, alternative, or supplemental remedy to that described under section 2255." Williams v. Felts, No. 5:06cv1043, 2008 WL 2324607, at * 4 (N.D.W.Va. June 5, 2008); see Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963). As petitioner has failed to demonstrate that § 2255 is inadequate or ineffective, the instant § 2241 petition is improper. See In re Malone, 74 F.3d 1232 (4th Cir. Jan. 23, 1996) (Table) ("This court will not entertain a § 2241 petition unless a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of a person's detention.") (internal quotation marks omitted). Therefore, petitioner's request for habeas corpus relief will be denied and the instant petition will be dismissed without prejudice.

## III. Conclusion

For the foregoing reasons, petitioner's request for habeas corpus relief will be denied and the instant petition for a writ of habeas corpus will be dismissed without prejudice for lack of jurisdiction. This dismissal renders moot petitioner's outstanding Motion seeking "Judicial Notice of the Adjudicative Facts," and that motion will be denied. An appropriate Order shall issue.

Entered this ____ day of __July__ 2008.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge